**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000498**
**28-SEP-2015**
**08:49 AM**

NO. CAAP-14-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CASEY T. ELIZARES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(Case No. 3DTA-12-01454)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Casey T. Elizares (Elizares) appeals from the Notice of Entry of Judgment and/or Order, entered on January 29, 2014, in the District Court of the Third Circuit, North and South Hilo Division (District Court).[1]

After entering a conditional no contest plea, Elizares was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014) for a March 31, 2012 incident. Elizares reserved his right to appeal the denial of his Motion to Compel Intoxilyzer Maintenance and Calibration Records (Motion to Compel).

---

[1] The Honorable Harry P. Freitas presided and entered the judgment. The Honorable Barbara T. Takase ruled on Elizares's Motion to Compel and subsequent motion for reconsideration.

On appeal, Elizares claims[2] the District Court erred by denying his Motion to Compel because the documents he sought were necessary for his defense. Elizares specifically sought the January 2008 through August 24, 2012 intoxilyzer maintenance and calibration records for the specific Intoxilyzer machine used in this case. Elizares sought these records to ensure that the equipment was properly maintained and in proper working order when the accuracy test was conducted.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Elizares's point of error as follows:

The District Court did not err by denying the Motion to Compel. Discovery in non-felony criminal cases is governed by Rule 16(d) of the Hawai'i Rules of Penal Procedure (HRPP). State v. Ames, 71 Haw. 304, 308, 788 P.2d 1281, 1284 (1990). Discovery may be permitted by the court upon a showing of materiality and if the request is reasonable but only to the extent authorized by HRPP Rule 16 in felony cases. Id. at 309, 788 P.2d at 1284.

In Ames, the Hawai'i Supreme Court held that the trial court exceeded its authority under HRPP Rule 16(d) when it ordered disclosure of, *inter alia*,

> 16. A copy of all repair, calibration, and maintenance records and memoranda (including the permanent record book and repair invoices) for the Intoxilyzer 4011AS used in this case for the 30 days preceding and 30 days subsequent to the date of the Defendant's test; and the original records for the life of the Intoxilyzer 4011AS used in this case to be made available for inspection and photocopying by Defendant's attorney. (Citation omitted).

Id. at 315, 788 P.2d at 1287.

In his Motion to Compel, Elizares alleged that, based on his attorney's review of his attorney's case files, it

---

[2]    Elizares's point on appeal fails to comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(4). "[S]uch noncompliance offers sufficient grounds for the dismissal of the appeal." Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85, 979 P.2d 1107, 1111 (1999) (citing Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995)). "Nonetheless, inasmuch as 'this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible,' [Bettencourt] at 230, 909 P.2d at 558 (citation and internal quotations omitted), we address the issues [Appellant] raise[d] on the merits." Id. at 85-86, 979 P.2d at 1111-12. Counsel is cautioned that future violations may result in sanctions.

2

appeared that, while the machine used to test him had "occasionally malfunction[ed]" prior to 2008, it had not been taken out of service for maintenance due to malfunction since 2008. Upon these averments, Elizares argued that <u>Ames</u> was distinguishable because under the circumstances of this case he was entitled to examine the records of required testing and maintenance to determine whether the strict compliance with administrative rules had been performed.

Elizares acknowledged that he had received in discovery the "Sworn Statement of the Intoxilyzer Supervisor," which stated that the machine in question had been properly maintained and calibrated and that, on March 15, 2012 an accuracy test had been conducted on the machine in question and it was in proper working order on that date. He also acknowledged that the prosecution provides the test cards documenting tests conducted within thirty days prior to and thirty days after the alcohol breath test. The District Court based its ruling on the understanding that these test cards are provided by the prosecution and Elizares does not contest that on appeal.

Title 11 Chapter 114 of the Hawaii Administrative Rules (HAR)[3] governs the use of alcohol breath testing instruments.

---

[3]     HAR § 11-114-7 states:

§11-114-7 <u>Accuracy tests.</u> (a) Every accuracy test procedure shall be approved by the DUI coordinator in writing and shall include, but not be limited to the following requirements:

(1)     The test shall be conducted by a supervisor;

(2)     At least two different reference samples and an air blank shall be run with each accuracy test;

(3)     Reference samples shall be chosen so that their target values are not less than 0.04gm alcohol /210 liters and not greater than 0.25gm alcohol /210 liters;

(4)     Reference sample target values shall differ from each other by at least 0.04gm alcohol /210 liters;

(5)     Reference sample test results which vary from the target value by more than plus or minus 0.01gm alcohol /210 liters or plus or minus ten percent, whichever is greater, shall be cause for the breath alcohol testing instrument used
(continued...)

3

However, whether the Intoxilyzer used to test Elizares was previously repaired or taken out of service at any time since 2008 is not material. Elizares was provided with the accuracy test results no more than thirty days prior to and after his alcohol breath test. Elizares admitted that those tests results were accurate. Therefore, Elizares was not entitled to further discovery under HRPP Rule 16(d) because the requested discovery was not material.

Elizares also argues that the information he sought contained exculpatory evidence "which would have ultimately resulted in the suppression of the breath test result." "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." State v. Moriwaki, 71 Haw. 347, 356, 791 P.2d 392, 397 (1990) (quoting Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963)) (internal quotation marks omitted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. (citation and internal quotation marks omitted). Where compliance with the regulatory requirements show that the machine in question was in good working order when used in this case, a request for the maintenance and calibration records for the previous five years fails to meet this standard. As the discovery sought by Elizares is not material, it is not

---

[3](...continued)

> to be removed from service until the fault has been corrected; and

> (6) An accuracy test shall be performed on an operating instrument at intervals not to exceed thirty-one days.

> (b) Operating instruments do not include instruments in storage or being repaired. Upon return to operation from storage or repair an accuracy test shall be performed.

exculpatory and was not required to be produced by the prosecution.

Therefore, the Notice of Entry of Judgment and/or Order, entered on January 29, 2014, in the District Court of the Third Circuit, North and South Hilo Division, is affirmed.

DATED:  Honolulu, Hawai'i, September 28, 2015.

On the briefs:

Stanton C. Oshiro,
for Defendant-Appellant.

Roland J.K. Talon,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge